## PEOPLE *v.* KIRBY.

1. CRIMINAL LAW—ALIBI—ARGUMENT TO JURY—REVERSIBLE ERROR.

   Prosecutor's argument to jury in trial of defendant for unlawful sale of narcotics containing opinion that defendant's alibi was untruthful despite information in his possession to the contrary *held,* reversible error (CLS 1961, § 335.152).

2. SAME—PROSECUTOR—ARGUMENT TO JURY.

   A prosecutor should prosecute with earnestness and vigor, but it is as much his duty to refrain from improper methods in his arguments to jury calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

3. SAME—PROSECUTOR—ARGUMENT TO JURY—ASSERTIONS OF PERSONAL KNOWLEDGE—SUGGESTIONS AND INSINUATIONS.

   Improper suggestions, insinuations, and assertions of personal knowledge of the prosecutor in his argument to jury are apt to carry much weight against the accused when they should properly carry none, and must be avoided.

Appeal from Superior Court for Grand Rapids; Vander Ploeg (Claude), J. Submitted Division 3 May 10, 1966, at Grand Rapids. (Docket No. 538.) Decided September 13, 1966.

Thomas Kirby was convicted of the unlawful sale of narcotics. Defendant appeals. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 42 Am Jur, Prosecuting Attorneys § 20,
    53 Am Jur, Trial §§ 482–486.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Roger B. Boerema,* Assistant Prosecuting Attorney, for the people.

*Luyendyk, Hainer, Hillman, Karr & Dutcher* (*Reginald L. Norris,* of counsel) for defendant.

J. H. Gillis, J. On March 2, 1961, the defendant, Thomas Kirby, was arrested on a warrant charging him with the unlawful sale of narcotics in violation of CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.-1122). The warrant charged that the illegal sale was made to one Castle Lee Green on February 28, 1961, in the city of Grand Rapids, Michigan.

On June 23, 1961, four days before the trial commenced, the defendant filed a notice of alibi and served the prosecuting attorney's office stating:

"On the 28th day of February, 1961, he was in the city of Lansing, Michigan, until approximately 4 o'clock in the afternoon. That at 1 o'clock in the afternoon he was in the company of one Marques Haynes in the city of Lansing."

Pursuant to the duties imposed upon the prosecution in the case of indigent defendants,[1] the assistant prosecutor attempted to subpoena Marques Haynes at the address supplied by defense counsel at 1624 W. Main street, Lansing, Michigan.

The assistant prosecutor in his closing statement took full advantage of the defendant's failure to produce the alibi witness when he stated:

"Either you believe Mr. Kirby that he was in Lansing with a person by the name of Marques Haynes, or Officer Van Tuinen who went down to

---

[1] CL 1948, § 775.15 (Stat Ann 1954 Rev § 28.1252).

check on this Marques Haynes. Where is Marques Haynes? Well, the address they gave to us to check for his alibi, they do not know any Marques Haynes there. He hasn't been there for five years.  *  *  *

"Well, show us.  Show the people.  Show us. Prove your case.  Prove your defense.  Prove your alibi.  We want—if he had somebody, I would like to know about it.  I would like to talk to this person, and find out ahead of time, but where is this person? We couldn't find any Marques Haynes.  Nobody even knows this guy, Pete Haynes, whoever he is. What do the people say?  The people say, 'We don't believe Tommie Kirby was ever in Lansing.' "

The jury returned a verdict of guilty and the defendant was sentenced to the State Prison of Southern Michigan for a period of 20 to 25 years.

   After verdict, defense counsel received information which can best be summarized in the following excerpt taken from the *affidavit of the assistant prosecutor:*

"That on Monday, June 26, 1961, the day before the trial of the above-named defendant, I received information from one of the members of the Grand Rapids vice squad that the Lansing police department had contacted a Marcus Taylor [at 1564 West Main, Lansing] and that Marcus Taylor supposedly had some information regarding Thomas Kirby's presence in Lansing on the 20th[2] day of February, 1961, but that said information was that Marcus Taylor had seen Thomas Kirby for the last time at approximately 11 a.m. and that Taylor had given Kirby $2.12 for the purpose of taking a bus from Lansing to Grand Rapids.

"I did not have this Marcus Taylor indorsed on the information and was not requested to subpoena

---

[2] The assistant prosecutor obviously meant February 28, 1961, since he had previously filed an answer to the motion for a new trial and set the date at February 28, 1961.

a Marcus Taylor on the behalf of the defendant;
therefore I did not  *  *  *  subpoena said Marcus
Taylor for trial."

In the instant case if the alibi witness had testified in court along the lines set forth in the deposition of the assistant prosecutor, it is difficult to say that such testimony would have assisted the defendant in his defense because of the time element involved, but the assistant prosecutor with full knowledge that the defendant had been in Lansing on the date in question improperly and prejudicially argues to the jury: "We don't believe Tommie Kirby was ever in Lansing." This is not only an expression of opinion, it is contrary to the information the prosecutor had before the trial commenced.

This Court again finds occasion to cite *Berger* v. *United States*[3] (1935), 295 US 78, 88, 89 (55 S Ct 629, 79 L ed 1314) regarding the duty of a prosecuting attorney.

"He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

"It is fairer to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.  *  *  *

[3] *People* v. *Besonen* (1966), 4 Mich App 131. See, also, *Napue* v. *Illinois* (1959), 360 US 264 (79 S Ct 1173, 3 L ed 2d 1217) and *Alcorta* v. *Texas* (1957), 355 US 28. (78 S Ct 103, 2 L ed 2d 9).

` "In these circumstances prejudice to the cause of the accused is so highly probable that we are not justified in assuming its nonexistence."

Reversed and remanded to the trial court for a new trial.

HOLBROOK, P. J., and FITZGERALD, J., concurred.