PEOPLE *v.* SCHRAM

APPEAL AND ERROR—OBJECTIONS—PRESERVING QUESTION—IDENTIFI-
CATION—TESTIMONY—JURY INSTRUCTIONS.

A defendant in a criminal case who fails to raise objections
to improper admission of identification testimony and erroneous
instructions to the jury during trial may not raise them
for the first time on appeal, and the Court of Appeals will
not consider them except to avoid clear injustice.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 February
11, 1970, at Detroit. (Docket No. 7,167.) Decided
March 30, 1970.

Michael Schram was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Arthur Tarnow* (Defenders' Office—Legal Aid and
Defender Association of Detroit), for defendant on
appeal.

Before: QUINN, P. J., and R. B. BURNS and
FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 553, 601, 623.

Per Curiam. Convicted by jury verdict and sentenced for armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797), defendant appeals. He asserts two grounds of alleged reversible error, namely: improper admission of identification testimony and erroneous instruction.

No objection was made below either to the admission of the identification testimony or the instruction. These errors may not be raised for the first time on appeal, and this Court will not consider them except to avoid clear injustice. *People* v. *Ivy* (1968), 11 Mich App 427. This record demonstrates no injustice.

Two additional reasons dictate affirmance, however. Assuming *arguendo* that it was error to admit the identification testimony, it was not reversible error in view of identification by three other witnesses.

During its instructions, the trial court said, "I do not think there is any serious dispute that a crime in fact was committed." However, the question of whether a crime was committed was left to the jury for its determination. On this record, the court's statement was legitimate comment. *People* v. *Pratt* (1930), 251 Mich 243, 247.

Affirmed.