PEOPLE v. CANTRELL

1. Criminal Law—Identification—Photographic Identification.
   A pre-trial photographic identification procedure in which the witnesses were shown a picture of the defendant larger than the six other photographs they were shown and the photograph of the defendant had two holes in it, while the others had no holes in them, was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

2. Criminal Law — Defendant Testifying — Credibility — Prior Convictions.
   A criminal defendant who takes the witness stand in his own defense may be questioned about prior convictions for the purpose of testing his credibility and such questioning is not limited to crimes directly related to credibility.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 8,596.) Decided October 6, 1970.

Richard Cantrell was convicted of manslaughter. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 368.
    Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[2] 58 Am Jur, Witnesses §§ 685–689, 749.
    29 Am Jur 2d, Evidence § 321et seq.
    Right to cross-examine accused as to previous prosecution for, or conviction of, crime, for purpose of affecting his credibility. 161 ALR 233.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was arrested on May 2, 1967, and charged with first-degree murder.[1] He was tried before a jury in the Recorder's Court of Detroit on May 15, 1968, and was found guilty of manslaughter.[2] After his timely motion for a new trial was denied, defendant appealed to this court.

Two eyewitnesses identified defendant at the trial. Defendant contends, however, that because of the pre-trial identification process, the subsequent in-court identifications were tainted.

The police had shown the two eyewitnesses seven pictures, of which one was of the defendant. The photograph of the defendant was slightly larger than the other six and it also had two holes in it, which the others did not have. These differences, contends defendant, vitiated the subsequent identifications because they could have caused the witnesses to retain in their memories the image of the photograph rather than the person observed at the scene of the crime.

The United States Supreme Court has recognized the dangers inherent in the procedure of identification through the use of photographs. That Court also recognized, however, the value of the procedure

[1] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).
[2] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

as an aid to effective law enforcement. In *Simmons* v. *United States*,[3] the Supreme Court stated:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power, or still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identifications at trial following a pretrial identification by photographs *will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.*" (Emphasis supplied.)

This Court cannot hold that because defendant's photograph was slightly larger than the others and had two holes in it that the "identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." We, therefore, find that the in-court identifications of the defendant were not tainted by the pre-trial identification procedure. The identifications were, therefore, properly admitted by the trial court.

Defendant also argues that it was error for the trial court to allow the defendant to be questioned

[3] *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247).

about his prior convictions. It is defendant's position that since evidence of prior convictions can only be used to test the defendant's credibility,[4] only evidence of crimes directly related to credibility, *i.e.*, fraud, embezzlement, etc., ought to be introduced.

The law in Michigan is well settled that once a defendant takes the stand in his own behalf he may be questioned about his prior criminal convictions for purposes of testing his credibility. *People* v. *DiPaolo* (1962), 366 Mich 394; *People* v. *Cybulski* (1968), 11 Mich App 244; *People* v. *Payne* (1970), 27 Mich App 133.

Defendant correctly cites *Luck* v. *United States* (1965), 121 App DC 151 (348 F2d 763) as standing for the proposition that only crimes relating to credibility may be introduced for purposes of testing a defendant's credibility, but that decision is in no way binding upon this court. We, therefore, hold that the trial court did not err by allowing defendant to be questioned about his prior convictions.

Defendant's last contention is based upon the validity of his previous arguments. Therefore, since we have found both arguments to be without merit, we need not discuss defendant's final issue.

Affirmed.

---

[4] MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158).