PEOPLE *v.* FLOWERS

APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTIONS —COURT RULE.

A defendant, absent a showing of the violation of a fundamental right, is precluded from raising on appeal a claim that the trial court's instructions to the jury were erroneous where no timely objection was made to the instructions (GCR 1963, 516.2).

Appeal from Genesee, Stewart A. Newblatt, J. Submitted Division 2 January 6, 1971, at Lansing. (Docket No. 8041.)  Decided February 17, 1971.

Paul T. Flowers was convicted of larceny in a building.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Robert M. Crites,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545.

Before: Quinn, P. J., and Bronson and O'Hara,* JJ.

O'Hara, J.   Defendant was convicted by a jury of larceny in a building, MCLA § 750.360 (Stat Ann 1954 Rev § 28.592.)

Testimony disclosed that defendant had entered a lounge accompanied by three other men.   They began playing pool.   While the four men were thus occupied, other patrons of the tavern heard a noise which came from the direction of the pool table. The decibel level of the sound was considerably in excess of the normal clicking of pool balls.   Investigation disclosed that the pool table had been broken into.   Thereupon the four men fled the tavern.   Patrons followed them into the parking lot where they caught defendant.   He had the coin box from the pool table in his hand.   He surrendered it to one of the pursuing patrons and then sought ineffectively to flee again.   He was held until the police arrived.

When apprehended, defendant did not have any money on his person although several witnesses testified that they had seen money in the defendant's hands when he ran out of the tavern.

His three companions escaped in an automobile and were never found.

On appeal, the sole issue raised is whether the trial court committed reversible error in its instructions to the jury on the elements of the offense of larceny in a building.

In his initial instruction, the trial court correctly charged the jury with respect to the crimes of which defendant might be convicted, including larceny in a building and the lesser included offenses.   The jury, after some deliberation, requested further in-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

structions about possible verdicts. The trial court gave essentially the same instructions and re-explained the elements of each, but included the following statement:

"If you find that the people have proven each and every element of attempted larceny in a building beyond a reasonable doubt, then that would be your verdict and you would report that verdict as guilty of larceny in a building".

The appellate courts of this state have consistently adhered to the requirement that in order to preserve error in an instruction there must be compliance with GCR, 1963, 516.2. *People* v. *Mallory* (1966), 2 Mich App 359; *People* v. *Charles Jackson* (1970), 21 Mich App 132. Absent timely objection, a defendant is precluded from asserting error based on the claimed erroneous instruction absent a showing of violation of some fundamental right of his. We find none.

In addition to the absence of objection to the trial court's claimed erroneous instruction, the indicia of guilt are overwhelming. We are unable to find any suggestion of a "miscarriage of justice". MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096); *People* v. *Dunn* (1968), 380 Mich 693.

Affirmed.

All concurred.