PEOPLE *v.* MIRON

1. Jury—Voir Dire—En Masse Questioning—Waiver.

*En masse* questioning of prospective jurors on the *voir dire* was not error where the defendant waived an objection by expressing satisfaction with the jury.

2. Criminal Law—Prosecutor's Argument—Assertions of Personal Knowledge.

Assertions of personal knowledge by the prosecutor in his argument to the jury are clearly improper.

3. Criminal Law—Prosecutor's Argument—Improper Argument—Appeal and Error—Preserving Question for Review.

Failure to object to prosecutor's improper jury argument precludes review of it in the absence of a showing of a manifest injustice.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 January 13, 1971, at Detroit. (Docket No. 8775.) Decided February 24, 1971.

Roger Lee Miron was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*M. Glenn Grossman,* for defendant on appeal.

References for Points in Headnotes

[1] 47 Am Jur 2d, Jury § 197.
[2] 53 Am Jur, Trial §§ 483, 486.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 624–627.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. On May 9, 1968, the defendant was convicted by a jury of robbery armed contrary to MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28-.797), and sentenced to serve 7–1/2 to 12 years in prison.

The first issue raised on appeal concerns the manner in which the court conducted the *voir dire*. Defendant complains that *en masse* questioning of prospective jurors was improper and that this error was aggravated when replacement jurors were questioned less fully than the original panel. Not only do these contentions lack substantive merit in light of this record, but they were waived by the defendant's express indication of satisfaction with the jury. *People* v. *Jenkins* (1970), 23 Mich App 39; *People* v. *Rose* (1934), 268 Mich 529.

Next defendant contends that the court erred in instructing the jury: 1. that they could not make written notes and 2. that they could not consider as evidence the robbery victim's refusal to sign the complaint. The record reveals that the defendant failed to make any objection to these instructions as required by GCR 1963, 516.2. Accordingly, in the absence of a showing of substantial injustice, it is our duty to affirm. *People* v. *Martin #1* (1970), 21 Mich App 207.

Finally, defendant contends that the prosecutor's argument to the jury was improper and constituted reversible error. We do not agree.

Among the things alleged to have been taken in the armed robbery were three 20-dollar bills, a diamond ring, and a black leather jacket. At the phone booth where the defendant was arrested, the police found $82, a diamond ring, and a black jacket. In

response to defense counsel's statement that since $82 was found on the defendant's person and only three 20-dollar bills were reported stolen, it was evidently not the same money, the prosecutor said, without objection:

"Now, he says there was $82 and change, I suppose, found on the defendant. *Among that $82 was three 20-dollar bills.* He might have an argument if on the defendant was only found $2 and change. There's no $60 in $2. But there's $60 in $82, certainly." (Emphasis supplied.)

In point of fact, while the complaining witness testified that three 20-dollar bills were taken there was no testimony on the record concerning the denominations of the bills in defendant's pocket, and the bills themselves, although offered, were not admitted into evidence.

Assertions of personal knowledge by the prosecutor are clearly improper. *People* v. *Kirby* (1966), 4 Mich App 201; *People* v. *Brocato* (1969), 17 Mich App 277; *Berger* v. *United States* (1935), 295 US 78 (55 S Ct 629, 79 L Ed 1314). However, failure to object to improper jury argument precludes review of it in the absence of a showing of a manifest injustice. *People* v. *Humphreys* (1970), 24 Mich App 411 (*leave to appeal denied* 383 Mich 824). In view of the overwhelming evidence against the defendant concerning his possession of goods alleged to have been stolen, we do not feel that the error committed here warrants reversal. See *People* v. *Wardell* (1970), 26 Mich App 69.

For the foregoing reasons, the defendant's conviction is affirmed.

Affirmed.