PEOPLE v. LARRY SMITH

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J.  Submitted Division 1 January 14, 1971, at Detroit.  (Docket No. 9635.)  Decided February 25, 1971.

Larry Joseph Smith was convicted of armed robbery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM.  Defendant Larry Joseph Smith was arrested and charged with the robbery of a Detroit area drug store which occurred in May of 1969.  He was subsequently tried by a jury and on February 27, 1970, was convicted of robbery armed, a violation of MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

Testimony elicited during the trial disclosed that late in the afternoon of May 13, 1969, two men, one of whom was brandishing a gun, entered the Park-

way Drug Store at 22443 Plymouth Road in Detroit and announced a holdup. After compelling a clerk to fill a paper bag with money, the men also directed the pharmacist to place certain narcotics in the same bag. The customers present were ordered to remain still and to place their hands against the counter. The pair then fled.

Two issues are raised on this appeal, both of which concern the trial court's instructions to the jury. Defendant's first assignment of error is that the trial court erred in failing to include defendant's theory of the case in the instructions to the jury. Defendant's contention was that the identification of defendant by four eyewitnesses was contradictory and unreliable. The record reveals that defendant did not request such a charge during the course of the trial nor did he object to the instructions given. Therefore, he is now precluded from raising the issue for the first time on appeal. GCR 1963, 516.2; *People* v. *Wright* (1970), 23 Mich App 330; *People* v. *Schram* (1970), 23 Mich App 91; *People* v. *Floyd* (1968), 15 Mich App 284; *People* v. *Ivy* (1968), 11 Mich App 427.

Defendant also contends that the court erred in overemphasizing the charge of robbery armed in relation to the lesser included offenses. The trial court gave a complete instruction on the elements of armed robbery. The jury was also instructed on the four lesser included offenses of assault with intent to rob being armed; larceny from the person; attempted robbery armed; and assault and battery. We find no error which would result in a clear injustice, and since no objection was raised at trial, this Court will not review the matter for the first time on appeal. *People* v. *Ivy, supra; People* v. *Schram, supra.*

Affirmed.