PEOPLE v. DUERSON

1. CRIMINAL LAW—VOIR DIRE—WAIVER OF ERRORS.
   Defense counsel's expression of satisfaction with the jury waived any claimed error in the *voir dire.*

2. CRIMINAL LAW—IN-COURT IDENTIFICATION—LINEUP—INDEPENDENT BASIS.
   In-court identifications by prosecution witnesses, even if following a lineup in which defendant was the only party present attired in prison clothing, were not grounds for reversal where several of the witnesses had ample opportunity to observe defendant while the robbery charged was in progress and their identifications were independent of what had occurred at the lineup.

3. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—WARNING OF RIGHTS FORM—ADMISSION.
   Admitting a "recognition of rights" form, offered to the defendant by the police when the defendant was arrested, was not reversible error on the ground that the evidence called to the jury's attention the defendant's refusal to make a statement where defense counsel consented to the form's admission.

4. TRIAL—INSTRUCTIONS TO JURY—SUFFICIENCY—PRESERVING QUESTION.
   Failure to timely object to the sufficiency of the instructions to the jury constitutes a waiver of that issue on appeal.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 June 7, 1971, at Lansing. (Docket No. 9672.) Decided July 26, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 178.
[2] 5 Am Jur 2d, Appeal and Error § 778.
   21 Am Jur 2d, Criminal Law § 368.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 552, 553.
   29 Am Jur 2d, Evidence §§ 555–557.
[4] 5 Am Jur 2d, Appeal and Error § 891.

Milton Lee Duerson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Semerly & Theophelis,* for defendant on appeal.

Before: Danhof, P. J., and Bronson and O'Hara,[*] JJ.

O'Hara, J. On December 9, 1969, a jury in Ingham County found the defendant guilty of armed robbery, contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He was sentenced to life imprisonment. He appeals of right.

Evidence presented at trial indicated that the defendant robbed the Wine Village, a business establishment located in Lansing, Michigan. He entered around 7:30 on the evening of March 4, 1969, holding three persons on the premises at gun point while removing the contents of the cash register. He then left. Apparently on more mature consideration, he decided he had not concluded his self-appointed task. He returned forthwith and forced the manager to open the safe, the contents of which he added to the loot. He then ordered everyone in the store to lie on the floor, fired his pistol at one of them to discourage any imprudent interference, and fled.

He sets forth six assignments of error.

First, he asserts that he was denied his right to an impartial jury because of the allegedly improper

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

manner in which the jury was selected.

Acting pursuant to GCR 1963, 511.3, the trial court personally conducted the *voir dire*. On occasion, the jury did not respond to questions asked. Counsel for the defendant presumably construed the silence as a negative response. In any event, he expressed satisfaction with the jury on the record. Any claimed error was waived. *People* v. *Miron* (1971), 31 Mich App 142; *People* v. *Jenkins* (1970), 23 Mich App 39.

Next, he attacks the in-court identification by prosecution witnesses as a product of an antecedent lineup which was impermissibly suggestive in that the defendant was the only party present attired in prison clothing.

The record reveals little with regard to the procedure followed at the lineup. Assuming some impropriety, it would not be a ground for reversal. Several witnesses had ample opportunity to observe defendant while the robbery was in progress. Their identification was independent of what had occurred at the lineup. *People* v. *Wilson* (1969), 20 Mich App 410; *People* v. *Bratton* (1969), 20 Mich App 523. The error, if any, was harmless.

Third, error is alleged in the admission of a black leather coat, taken from an automobile in which defendant was a passenger at the time of his arrest. It is urged that the search and seizure were not incident to a lawful arrest. The error, if any, was not preserved as required. There was ample time to have made the requisite motion to suppress in advance of trial. None was made. The issue may not be raised initially in this Court. *People* v. *Ferguson* (1965), 376 Mich 90.

Next, it is claimed that the court violated defendant's right to remain silent by admitting a "Recognition of Rights" form, offered to him by

the police, thereby calling to the jury's attention that defendant had refused to make a statement when arrested. The purpose for which the people sought to introduce the form is unclear. However, defense counsel affirmatively consented to its admission. Even then the trial judge ruled that it could not be taken to the jury room during deliberations. We perceive no prejudice. Error may not be raised for the first time on appeal, unless to avoid a clear injustice. *People* v. *Schram* (1970), 23 Mich App 91. This record reveals no suggestion of injustice.

Defendant next questions the sufficiency of this charge to the jury upon reasonable doubt:

"It has been said that a juror is satisfied beyond a reasonable doubt as to a matter in controversy when, after a full and fair consideration of all the testimony given in the case, he can say that he has an abiding conviction to a moral certainty that the charge made has been established as having been committed by the accused."

This excerpt from the charge was not over-extensive, but the situation is essentially the same as that in *People* v. *Walsh* (1970), 27 Mich App 100, 106. There the Court held:

"A careful review of the trial court's instructions as a whole convinces us that the instructions were substantially correct and that they were sufficient. We find that the defendant's assertions of error are non-meritorious. Further, we note that at the conclusion of the charge both prosecution and defense attorneys indicated out of the hearing of the jury, but on the record, that they were satisfied with the charge as given.

"We consider the situation here to be controlled by GCR 1963, 516.2, which provides that:

" 'No party may assign as error the giving or the failure to give an instruction unless he objects

thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection.    Opportunity shall be given to make the objection out of the hearing of the jury.' "

"Since defendant made no timely objection or request, he may not now claim error in the instructions.    *People* v. *Jefferson* (1969), 18 Mich App 9, 13; *People* v. *David Smith* (1969), 16 Mich App 198."

Finally, defendant asserts that he was denied the effective assistance of counsel.    We have reviewed the record with care.    We conclude that the representation met applicable constitutional standards.    See *People* v. *Degraffenreid* (1969), 19 Mich App 702; *People* v. *Lawrence*, 32 Mich App 780.

Affirmed.

All concurred.