PEOPLE v ELLIS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES—APPEAL AND ERROR—PRESERVING QUESTION—HARM-
LESS ERROR.

A *sua sponte* jury instruction on the lesser included offenses of
armed robbery was not reversibly prejudicial to a defendant,
absent his timely objection, where he did not deny that the
principal crime had occurred but relied upon the defense of
alibi, where the instruction as given greatly enhanced his
options for ultimate disposition, and where under all of the
circumstances the instruction was harmless to him.

2. TRIAL—INSTRUCTIONS TO JURY—ACCURATE INSTRUCTIONS—DIS-
JOINTED INSTRUCTIONS—MANIFEST INJUSTICE—MISLEADING
JURY.

Instructions to the jury, given without objection, which are
legally accurate and complete, without any misstatements or
distortions, but which are given disjointedly are not manifestly
unjust and do not result in a reversible miscarriage of justice
where it cannot be said that they were so confusing as to
mislead the jury.

3. WITNESSES—CRIMINAL LAW—DEFENDANT AS WITNESS—CROSS-EX-
AMINATION—APPEAL AND ERROR—ARGUMENTATIVE QUESTIONS—
PREJUDICE—BADGERING—HARASSMENT.

The standard for reversal where a court has improperly allowed
argumentative questions during cross-examination of a crimi-
nal defendant is whether the defendant has been prejudiced or
whether a pattern is established of badgering or harassing him;
reversal will not be granted where defendant fails to allege any
prejudice and the record discloses none.

4. CRIMINAL LAW—CRIMINAL RECORD—EXCLUSION—DISCRETION—AC-
KNOWLEDGEMENT—COURT RECORD—CASE PRECEDENT—PROSPEC-
TIVE EFFECT.

The rule mandating an acknowledgement by the trial court on

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 628, 647.
[2] 75 Am Jur 2d, Trial § 624.
[3] 21 Am Jur 2d, Criminal Law §§ 333, 334, 336, 337.
[4] 75 Am Jur 2d, Trial §§ 863, 869.

the record of the existence of its discretion to exclude references to a defendant's prior criminal record is to be given prospective effect only.

Appeal from Ingham, Thomas L. Brown, J. Submitted Division 2 March 12, 1975, at Lansing. (Docket No. 20381.) Decided June 11, 1975.

Lawrence R. Ellis was convicted of assault with intent to rob and steal being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Burwell & Shrank,* for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

D. E. HOLBROOK, JR., J. Defendant was charged with armed robbery, MCLA 750.529; MSA 28.797, and was found guilty by a jury on February 5, 1974, of the offense of assault with intent to rob and steal being armed, MCLA 750.89; MSA 28.284. He was sentenced to 15 to 30 years in prison and now appeals as of right.

The complainant, Robert Jackson, testified that he was robbed and assaulted in the afternoon of November 4, 1973, at the YMCA. He further stated unequivocally that the perpetrators of the crime were the defendant and another man.

Defendant claimed alibi as a defense. Despite defendant's version of his activities on the day of the offense, involving several other persons includ-

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing relatives, his own testimony was the only evidence proffered to support his alibi. A mutual acquaintance of both the defendant and the complainant testified in accordance with the complainant's account.

On appeal, defendant first challenges the inclusion in the jury charge of the following lesser included offenses: assault with intent to rob and steal being armed, robbery unarmed, larceny from a person, and simple assault. The judge instructed the jury, *sua sponte,* on the aforementioned offenses. No timely objection was made by the defendant. Thus, defendant has failed to properly preserve the issue for appellate consideration. The appropriate standard for review is whether manifest injustice or a miscarriage of justice occurred. GCR 516.2; MCLA 769.26; MSA 28.1096, *People v Balog,* 56 Mich App 624, 627; 224 NW2d 725, 726 (1974).

Defendant contends that there was a miscarriage of justice by charging on lesser included offenses since the defense of alibi was raised and he did not deny that the principal crime set forth in the information occurred. Defendant further alleges that by permitting the jury to consider and render any of these other alternative verdicts he suffered severe prejudice.

Implicit in the jury verdict was their determination that the defendant's identity as a perpetrator was clear and a rejection of the alibi defense. Consequently, by instructing the jury of the full panoply of lesser included offenses, the court greatly enhanced the defendant's options for ultimate disposition. Assuming, *arguendo,* the lesser included offense instructions were unwarranted, the defendant, under the circumstances of this case, cannot successfully argue allegations of prej-

udice; any error, under the circumstances, being harmless to the defendant. *People v Wimbush,* , 45 Mich App 42; 205 NW2d 890 (1973), *lv den,* 390 Mich 770 (1973). By neglecting to specifically request that no lesser included offenses be charged, maintaining silence throughout the instructions, and failing to object to the inclusion of the other offenses to provide the court with an opportunity to cure the asserted defect, the defendant is not entitled to benefit on appeal.

Second, defendant contends that the jury instructions were confusing due to the disjointed nature in which they were given. After the completion of the initial jury instructions, the prosecutor requested further clarification of the elements differentiating the various offenses. The trial judge obliged, reiterating the possible verdicts available to the jury. Later, at the request of the jury and with the agreement of both parties, the trial judge once again instructed as to the alternative verdicts. No objection was raised.

In the absence of an objection, the "manifest injustice" or "miscarriage of justice" standard of review is applicable. GCR 516.2; MCLA 769.26; MSA 28.1096, *People v Balog, supra.* As the charge was legally accurate and complete, without any misstatements or distortions, it cannot be said that the instructions were so confusing as to mislead the jury. Therefore, there was no manifest injustice.

Next, the defendant claims it was reversible error for the trial court to permit allegedly argumentative questions during the cross-examination of the defendant.

Assuming, *arguendo,* that such questioning was improper, such error alone is insufficient to mandate a reversal unless prejudice is demonstrated or

a pattern is established of badgering or harassing the defendant. This standard for reversal is comparable to that utilized in challenges to prosecutorial use of leading questions. See *e.g., People v Hooper,* 50 Mich App 186; 212 NW2d 786 (1973), *lv den,* 391 Mich 808 (1974), *People v White,* 53 Mich App 51, 57–58; 218 NW2d 403, (1974).

In *People v Hooper, supra,* at 196, the Court stated:

"A review of the record reveals that the prosecutor did ask several leading questions during the examination of witnesses. However, this Court does not believe a case should be reversed merely because a few technically improper questions are asked. In fact, it is hard to find a trial where every question is exactly proper. In order to require a reversal some prejudice or patterns of eliciting inadmissible testimony must be shown."

As the defendant has failed to allege any prejudice, simply asserting the impropriety of the form of the questions, and the record discloses no prejudice there is no reversible error.

Lastly, defendant contends that the trial judge did not recognize that it was within his discretion to exclude references to the defendant's prior criminal record.

In *People v Jackson,* 391 Mich 323, 332–336; 217 NW2d 22 (1974), the Supreme Court held that trial judges, in the exercise of discretion, may exclude references to a defendant's prior criminal record and that it is error to fail to recognize or refuse to exercise such discretion. Recently, the Supreme Court ordered a reversal where the record did not clearly and unequivocally reflect an exercise of discretion. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974).

However, there is no indication that either *Peo-*

ple v Jackson, supra, or People v Cherry, supra, were intended to have retroactive effect. As this alleged error is not of constitutional dimension and the nature of the alleged error does not impair the integrity of the factfinding process, the rule mandating an acknowledgement of the existence of discretion in *People v Jackson, supra,* and *People v Cherry, supra,* is to be given prospective effect only. See *e.g., People v. Tooks,* 55 Mich App 537, 544; 223 NW2d 63 (1974), *People v Matthews,* 53 Mich App 232, 239–243; 218 NW2d 838 (1974).

At trial, during cross-examination of the defendant, the prosecutor inquired about defendant's criminal record, defense counsel objected, and the following arguments were made in the absence of the jury:

*"Mr. Kulick:* Your Honor, I would submit to the Court that it is a proper question, and is a question which I am entitled to ask in order to test credibility. The question requires a simple 'yes' or 'no' answer. No facts would be gone into relative to that charge. It goes to the question of credibility, your Honor.

*"The Court:* Do you intend to restrict your questions to convictions?

*"Mr. Kulick:* Yes, your Honor, I do.

*"The Court:* Mr. Tuttle?

*"Mr. Tuttle:* Your Honor, I believe the Court has discretion to exclude it, if it deems that under the circumstances of this case and under the record, that it would be so highly prejudicial, that in your discretion you would deem that it be excluded, and I request that that be done.

*"The Court:* Well, Mr. Tuttle, it is the Court's finding at this point that the witness Ellis' testimony, his credibility is in question, and that the Prosecutor deems it advisable to attack his credibility based upon standards which are approved by the law, including prior

convictions; that the Prosecutor should be allowed to pursue that line of questioning.

"Therefore, your objection is overruled."

Although the trial judge did not expressly state, on the record, his recognition of the court's power to limit impeachment by prior convictions, it is reasonable to presume that he understood such to be the case. He failed to dispute defense counsel's statement accurately setting forth the applicable rule. As there is no demonstration that the trial court's ruling amounted to an abuse of discretion, there is no reversible error.

Affirmed.