PEOPLE v PENN

OPINION OF T. M. BURNS, J.

1. APPEAL AND ERROR—CRIMINAL LAW—DEFENDANT'S PRIOR CONVIC-
   TIONS—MOTION TO EXCLUDE—EXERCISE OF DISCRETION—RECORD.

   *A trial court erred reversibly in failing to exercise its discretion
   to consider and rule upon a defendant's motion to exclude
   evidence of the defendant's prior convictions; the error could
   not be harmless where the defendant's guilt clearly was not
   established by overwhelming evidence.*

2. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—ADMISSIBILITY—
   REMOTENESS IN TIME.

   *The remoteness in time of a defendant's prior convictions is
   relevant to their admissibility into evidence and should be
   considered by the trial court.*

DISSENT BY V. J. BRENNAN, J.

3. COURTS—CRIMINAL LAW—EXERCISE OF DISCRETION—REQUESTS—
   PRIOR CONVICTIONS—RECORD—APPEAL AND ERROR.

   *The Supreme Court ruling which held that reversible error
   occurs when a trial court fails to exercise and record the
   exercise of its discretion regarding the admissibility of evidence
   of a defendant's prior convictions upon request is not retroac-
   tive; even where the rule is properly applied, reversal is not
   required where the record does sufficiently demonstrate that
   the court exercised necessary discretion.*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 29 Am Jur 2d, Evidence §§ 321, 333.

[2] 29 Am Jur 2d, Evidence §§ 330, 348.
   Admissibility of evidence of accused's good reputation as affected by
   remoteness of time to which it relates. 87 ALR2d 968.

[4] 29 Am Jur 2d, Evidence §§ 320–333.

[5] 75 Am Jur 2d, Trial § 31.

[6] 40 Am Jur 2d, Homicide § 500.

[7] 75 Am Jur 2d, Trial § 605.

[8] 40 Am Jur 2d, Homicide §§ 246, 247.

4. CRIMINAL LAW—EVIDENCE—IMPEACHMENT—PRIOR CONVICTIONS—
   CREDIBILITY—SIMILAR CRIMES—REMOTENESS.

   *Evidence of prior felony convictions which relate to violent crimes need not necessarily involve credibility to be admissible for purposes of impeachment, nor must the evidence of prior convictions be excluded because convictions are for crimes which have a nature similar to the crime charged, or because those convictions were remote in time.*

5. COURTS—DISCRETION—POSTPONEMENT—SPECIFIC LANGUAGE.

   *There is no basis for finding that a trial court has postponed the exercise of its discretion where no specific language to that effect appears.*

6. HOMICIDE—MALICE—INFERENCES—TENDENCY OF ACTION—QUESTION OF FACT.

   *A court should not instruct a jury that as a matter of law the use of a deadly weapon implies malice; malice is a permissible inference rather than a presumption of law and the intent to kill may be implied where the actor intends to inflict great bodily harm or the natural tendency of his behavior is to cause death or great bodily harm.*

7. COURTS—INSTRUCTIONS TO JURY—ENTIRETY—SINGLE PHRASES—
   PREJUDICES.

   *Jury instructions must be considered in their entirety and error cannot be established by one phrase lifted from the whole charge unless the phrase prejudices the whole charge.*

8. HOMICIDE—INTENT—BURDEN OF PROOF—EXPLICIT IMPOSITION.

   *A defendant in a trial for second-degree murder was not directly burdened to initiate evidence contrary to any "presumption" of intent to kill where the record reveals the trial court did not explicitly and improperly impose such a burden.*

Appeal from St. Clair, Halford I. Streeter, J. Submitted April 6, 1976, at Lansing. (Docket No. 21857.) Decided October 18, 1976. Leave to appeal applied for.

Robert E. Penn was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,*

Prosecuting Attorney, and *Peter R. George,* Chief Appellate Counsel, for the people.

*Daniel J. Wright,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

T. M. BURNS, P. J. On August 20, 1973, the defendant was convicted by a jury of second-degree murder, MCLA 750.317; MSA 28.549, and assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279. He was later sentenced to life imprisonment for the first offense and 6 to 10 years in prison on the second.

Defendant was charged with the murder of Letha Reckker, with whom he had previously cohabited. It was alleged that the defendant fatally wounded the deceased with a knife while the two were fighting.

Prior to trial defense counsel requested that the prosecution be prevented from impeaching the defendant's credibility by inquiring into two prior felony convictions. The prosecutor objected and after discussion of the question, the trial court merely stated that the prosecutor would not be permitted to go outside the rap sheet or introduce evidence of prior criminal charges which had not resulted in convictions.

The trial court erred reversibly in failing to exercise its discretion to exclude the defendant's prior convictions from the evidence. Although defense counsel's motion to exclude the record was poorly made, the issue was sufficiently raised and should have been considered and ruled upon by the trial court.

The record indicates that the trial court did not

exercise its discretion in deciding the question. In fact, it appears that the judge did not explicitly rule on the admissibility of the prior felony convictions at all. While at the time of this trial there was no requirement that the trial judge had to indicate his exercise of discretion on the record, the record reveals that the judge did not have sufficient facts before him to properly exercise such discretion. He knew only the nature of the offenses. No inquiry was made of the dates of the convictions, the most recent of which was in 1955. The remoteness in time of a prior conviction is certainly relevant to its admissibility and should be considered by the trial court. See *People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378 (1975). The staleness of the convictions in this case, if considered by the trial court, may well have been found to render their admission into evidence improper.

The trial court's failure to exercise discretion in ruling on defendant's motion could not be considered harmless error; the defendant's guilt clearly was not established by "overwhelming evidence". *People v Johnson,* 46 Mich App 212, 221; 207 NW2d 914 (1973). Being the only witness to the entire incident, defendant's credibility was critical to the weight given to his version of the fight.

Reversed and remanded for a new trial.

D. E. Holbrook, Jr., J. concurs in the result only.

V. J. Brennan, J. *(dissenting).* I would dissent from the result and reasoning employed by Judges Burns and Holbrook in this matter.

Defendant argues that the court did not actually exercise its discretion, upon request, regarding

admission of two prior felony convictions for impeachment purposes. I cannot agree.

The Michigan Supreme Court has ruled that reversible error occurs when the trial court fails to exercise and record the exercise of its discretion upon request. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). However, this Court has recognized that *Cherry* and *Jackson* are not retroactive. *People v Ellis,* 62 Mich App 109, 114; 233 NW2d 205 (1975). Consequently, as the present case was tried prior to *Cherry* and *Jackson,* the rule indicated there is not strictly applicable to this decision.

Nevertheless, the record does demonstrate sufficient basis to hold that the court exercised necessary discretion. Indeed, this case presents a much clearer record that the court possessed the necessary information about defendant's prior convictions than the *Ellis* decision does.

The court was informed by defense counsel that the two felony convictions were for assault to rob while armed and robbery with physical injury inflicted during robbery. Defense counsel explicitly recognized that felony convictions were admissible to impeach defendant. See *People v Renno,* 392 Mich 45, 53; 219 NW2d 422 (1974). The court specifically ruled that the prosecution would only be allowed to elicit evidence of convictions, thus eliminating any reference to arrests, *People v Rappuhn,* 390 Mich 266, 270–271; 212 NW2d 205 (1973), or misdemeanors. *People v Renno, supra,* 53, *People v Osteen,* 46 Mich App 409, 418–420; 208 NW2d 198 (1973).

From this record, the Court could reasonably conclude that the parties understood that the exercise of discretion had occurred concerning these

two felony convictions. No other convictions were ever introduced.

Further, when the felony convictions relate to violent crimes, this Court has ruled that prior convictions need not necessarily involve credibility. *People v Cantrell,* 27 Mich App 210, 213; 183 NW2d 401 (1970). Nor must the trial court preclude prior convictions because they involve crimes of a similar nature to the crime charged. *People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378 (1975). Neither will this Court reverse simply because the prior convictions were remote in time. *People v Coffman,* 45 Mich App 480, 489; 206 NW2d 795 (1973). Finally, this case does not present a basis for finding the trial court postponed its discretion, where no specific language to that effect appears. See *People v Killebrew,* 61 Mich App 129, 134; 232 NW2d 329 (1975). In short, the court did exercise its discretion properly and should not be reversed on this point.

Defendant further contends the trial judge committed reversible error in instructing the jury as to malice and the presumption that the law would imply malice from an unprovoked and unjustified killing and the use of a deadly weapon.

The intent to kill may be implied where the actor intends to inflict great bodily harm or the natural tendency of his behavior is to cause death or great bodily harm. *People v Morrin,* 31 Mich App 301, 311; 187 NW2d 434 (1971). This Court has also established that malice is a permissible inference rather than a presumption of law. Consequently, instructing that *as a matter of law* the use of a deadly weapon implies malice erroneously removes the question of intent from the jury. *People v Martin,* 392 Mich 553, 560–562; 221 NW2d 336 (1974).

The trial court in this case gave the following portion of instruction on malice to the jury:

"The law presumes that every person contemplates and intends the natural, ordinary and usual consequences of his own voluntary acts, unless the contrary appears from the evidence, and if a man is shown by the evidence, beyond a reasonable doubt, to have killed another by an act, the natural and ordinary consequences of which would be to produce death, then it will be presumed that death of the deceased was designed by the slayer, unless the facts and circumstances of the killing, or the evidence, create a reasonable doubt whether the killing was done purposely. When a man assaults another with or uses upon another a deadly weapon in such a manner that the natural, ordinary, probable use of such deadly weapon in such manner would be to take life, the law presumes that such person so assaulting intended to take life."

Jury instructions must be considered in their entirety, and error cannot be established by one phrase lifted from the whole charge unless the phrase prejudices the whole charge. *People v Green,* 34 Mich App 149, 151; 190 NW2d 686 (1971). When the full charge of this case is reviewed, the fact is apparent that any error in the particular portion cited above does not prejudice the entire charge as to require reversal.

However, the charge is similar enough to instructions in other cases which required reversal that the facts distinguishing this case must be discussed. *People v Jordan,* 51 Mich App 710; 216 NW2d 71 (1974), *People v Pepper,* 389 Mich 317; 206 NW2d 439 (1973).

*Jordan* involved a charge of assault with intent to do great bodily harm less than murder and felonious assault. In that case, as well as instructing the jury that intent may be presumed, though

not conclusively, from doing an illegal act, the
court also charged that every man was presumed
to intend the consequences of his act, that this
presumption existed at the outset, and that the
defendant had the original burden of going for-
ward with evidence to controvert this presump-
tion. This Court reversed on very specific grounds,
stating that the trial court explicitly and improp-
erly imposed a burden on defendant of going for-
ward with evidence to negate the presumption of
intent. Certainly no such explicit statement exists
in the present case. The only language which
could be questioned here would be " * * * in the
absence of evidence showing a contrary intent",
and like language. However, this phraseology sim-
ply does not place any direct burden on the de-
fendant to initiate evidence contrary to any "pre-
sumption". In short, I do not believe the burden
was shifted.

In *Pepper,* defendant was charged with first-de-
gree murder and convicted of manslaughter. His
defense was that the shooting had been accidental.
The trial court charged the jury that if the direct
tendency of a man's willful act was to produce
injury, the intent could be deduced from the act
itself, as the law presumes every person intends
the usual consequences of his acts. The Michigan
Supreme Court reversed on two grounds: one was
because the charge focused exclusively on the
intent regarding consequences of the act rather
than intent to do the act itself. However, this error
was only "cumulative". The trial court was actu-
ally reversed for its failure to instruct consistently
with the accident theory defendant presented. The
instant case differs. The court properly instructed
on the intent to do the act. Reference to conse-
quences of the act is limited.

Neither did the charge in this case remove the

issue of intent from the jury. *People v Martin,
supra.* See *People v Adams,* 48 Mich App 595; 210
NW2d 888 (1973). In *Adams,* where defendant was
convicted of breaking and entering with intent to
commit larceny, this Court upheld the instruction,
" * * * unless the testimony satisfies you of some-
thing else, you are warranted in holding a party
responsible for the natural, probable and legiti-
mate consequences of his acts". This is a fact
question for the jury to resolve. The Court found
no shift in the prosecution's burden of proving the
element of intent.

The same holds true in the present case. Also, as
in *Adams,* no objection was raised at trial. Conse-
quently, we will not reverse unless the charge as a
whole demonstrates manifest injustice. GCR 1963,
516.2. See *People v Branner,* 53 Mich App 541,
544; 220 NW2d 183 (1974), *People v Paduchoski,* 50
Mich App 434, 435; 213 NW2d 602 (1973). On the
basis of my review, no manifest injustice appears.

I have reviewed the other errors alleged in this
case and find them without merit. I would vote to
affirm.