PEOPLE v. JENKINS

1. SEARCHES AND SEIZURES—REASONABLENESS—EVIDENCE—VISIBLE OBJECTS—ADMISSIBILITY.

Objects falling in the plain view of a police officer who has a right to be in the position to have that view are subject to seizure and may be admitted in evidence since such visible objects are not discovered as the result of any search.

2. WEAPONS—CARRYING A DANGEROUS WEAPON IN A MOTOR VEHICLE —CRIMINAL LAW—VERDICT—PROPRIETY.

Trial court properly accepted jury's verdict even though the foreman stated that the jury had found defendant, charged with carrying a dangerous weapon in a motor vehicle, guilty of carrying a concealed weapon in a car where the court clerk asked the foreman if he meant carrying a dangerous weapon in a car and the foreman answered affirmatively and the record sufficiently established that the jury found defendant guilty of the crime charged (MCLA § 750.227).

3. JURY—VOIR DIRE—ERROR—OBJECTION—TIMELINESS—WAIVER.

Any error on the *voir dire* is waived if the defendant expresses satisfaction with the jury.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 March 4, 1970, at Detroit. (Docket No. 6,435.) Decided March 27, 1970.

Isadore Jenkins was convicted of carrying a dangerous weapon in a motor vehicle. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures § 20.
[2] 53 Am Jur, Trial § 1056.
    56 Am Jur, Weapons and Firearms § 10.
[3] 47 Am Jur 2d, Jury §§ 178, 195, 196, 213, 217.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Maurice Schwartz,* for defendant on appeal.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. On August 23, 1968, defendant was convicted by a jury of carrying a dangerous weapon in a motor vehicle, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). His allegations of error are without merit, and we affirm.

At trial, the arresting officer testified that while on duty on May 7, 1968, an unknown person informed him that a man had stolen some cigars from a drug store and was still sitting in an automobile outside the store. When the officer approached the automobile, defendant was behind the wheel. Beside him on the front seat, partially covered by newspapers, was a loaded rifle. Defendant was ordered out of the automobile and placed under arrest.

The rifle and some shells were introduced into evidence. Defendant contends that they were obtained as the result of an unreasonable search and seizure and were therefore inadmissible. This argument presupposes a search when, in fact, the officer perceived the presence of the rifle without a search.

In *Harris* v. *United States* (1968), 390 US 234, 236 (88 S Ct 992; 19 L Ed 2d 1067, 1069), evidence plainly visible and not discovered as the result of a search was held admissible:

" 'It has long been settled that objects falling in the plain view of an officer who has a right to be

in the position to have that view, are subject to seizure and may be introduced in evidence.' " *People* v. *McDonald* (1968), 13 Mich App 226, 234.

Moreover, no objection to the introduction of the evidence was made at trial. See *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651.

Defendant alleges that the court erred by accepting the verdict. The record reveals the following:

"(Roll call by the Clerk; all jurors present)

*"The Clerk:* Members of the jury, have you arrived at a verdict; and, if so, who will speak for you?

*"The Foreman:* We have, and I will.

*"The Clerk:* What is your verdict as to the defendant Isadore Jenkins?

*"The Foreman:* We find him guilty.

*"The Clerk:* Guilty of—

*"The Foreman:* —carrying a concealed weapon in a car.

*"The Clerk:* —carrying a dangerous weapon in a motor vehicle?

*"The Foreman:* Yes.

"(Whereupon the jury was duly sworn by the court clerk.)"

As in *People* v. *Fleish* (1943), 306 Mich 8, we believe it is sufficiently clear from the record that the jury found defendant guilty of the crime charged.

Defendant also contends that the court erred on the *voir dire.* Since defendant expressed satisfaction with the jury, even if there was error, the error was waived. *People* v. *Rose* (1934), 268 Mich 529.

Defendant's allegation of ineffective representation by his trial counsel is groundless.

Affirmed.