PEOPLE v TOOKS

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION
   —DISCRETION—MANIFEST INJUSTICE.

   Failure to object to jury instructions bars consideration of error
   on appeal unless a clear abuse of discretion resulting in mani-
   fest injustice is apparent (GCR 1963, 516.2).

2. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—VER-
   DICT—DISCRETION.

   An instruction designed to facilitate the reaching of a verdict was
   not erroneous where the jury had deliberated for seven hours,
   the case was not complex, yet the jury requested a large
   portion of the transcript to be reread, and the foreman in-
   formed the court that if it were not read, a verdict would not
   be forthcoming; in these circumstances the use of such an
   instruction was not an abuse of discretion.

3. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—VER-
   DICT—COERCION.

   A jury instruction must be read as a whole, and where review of
   an instruction as a whole which was designed to facilitate the
   jury's arrival at a verdict does not reveal that the jury was
   coerced, and where, moreover, the jury deliberated for an
   additional two hours after receiving the instruction, there is
   indication that any coercive import had been effectively ig-
   nored.

4. ROBBERY—ARMED ROBBERY—UNARMED ROBBERY—INSTRUCTIONS TO
   JURY—MISSTATEMENT—HARMLESS ERROR.

   An unintentional slip of the tongue by the trial judge in an
   unarmed robbery case in referring at one point in his instruc-
   tions to the jury to armed robbery did not result in manifest
   injustice where it was made clear many times during the

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 4 Am Jur 2d, Appeal and Error § 533 *et seq.*
[4, 5] 67 Am Jur 2d, Robbery §§ 68–73.
[6] 58 Am Jur, Witnesses §§ 625, 630, 716.
[7] 5 Am Jur 2d, Appeal and Error §§ 750, 821.
[8] 58 Am Jur, Witnesses § 754 *et seq.*

proceedings that the only charge involved was unarmed robbery and the defendant was found guilty of the crime charged (MCLA 750.530).

5. Robbery—Armed Robbery—Unarmed Robbery—Instructions to Jury—Illustrations.

The use of an illustration to explain one of the elements of the crime of unarmed robbery was proper and did not impermissibly suggest that the case involved armed robbery where there was uncontroverted testimony to support the illustration given and the judge was merely fulfilling his obligation to fashion instructions which meet the factual demands of the particular case by language which is comprehensible by the jury and directly relevant to facts in evidence (MCLA 750.530).

6. Witnesses—Cross-Examination—Credibility—Bias—Prosecutors—Trier of Fact.

A prosecutor may properly explore the possibility of bias when cross-examining defense witnesses and such cross-examination does not impugn their reputations as truthtellers; the trier of fact may properly consider the interest or lack of interest on the part of a witness in evaluating the testimony of that witness.

7. Appeal and Error—Defendants—Cross-Examination—Arrests—Convictions—Preserving Question.

A defendant who was questioned on cross-examination about an arrest which did not result in a conviction but who failed to object to this questioning is not entitled to a reversal of his conviction where manifest injustice has not been demonstrated.

8. Witnesses—Impeachment—Arrests—Convictions—Case Precedent—Retroactivity.

A Supreme Court decision which makes impeachment of any witness by use of arrests not resulting in convictions *per se* reversible error, even where there is a failure to object, is not given retroactive effect absent a clear showing by the Supreme Court that retroactivity is intended.

Appeal from Recorder's Court of Detroit, Donald C. Neitzel, J. Submitted Division 1 June 4, 1974, at Detroit. (Docket No. 15983.) Decided September 24, 1974.

Levester J. Tooks was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia Boyle,* Principal Attorney, Research, Training and Appeals, and *Thomas A. Ziolkowski,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen (Carl Ziemba,* of counsel), for defendant on appeal.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

BRONSON, P. J. Defendant was charged with unarmed robbery. MCLA 750.530; MSA 28.798. The case was tried to a jury and defendant was found guilty and sentenced on November 30, 1972 to serve 4 to 15 years. He appeals as of right. His four assignments of error will be discussed *seriatim.*

## I.

The trial judge felt constrained to invoke the so-called *Allen* charge[1] in this case. Defendant insists that the charge was prematurely given because the jury was not "hopelessly deadlocked". The jury deliberated for nearly seven hours before the foreman requested that certain testimony be read again. The judge satisfied himself that the jury would not be able to reach a verdict without that

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *See Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896).

request being honored. The following colloquy occurred:

> "*Court:* Do you feel that without this that you can reach a verdict?
>
> "*Foreman:* At this point we are at a stalemate.
>
> "*The Court:* Is that what the resistance is, that someone wants to hear that, or is there a dispute as to what was heard?
>
> "*Foreman:* I know I myself would like to hear it.
>
> "*The Court:* Without it do you feel that you are just not going to be able to reach a verdict?
>
> "*Foreman:* At this point it appears that way.
>
> "*The Court:* Gentlemen (to counsel), both—will both of you approach the bench?"

The judge then conducted an unrecorded sidebar conference. The *Allen* charge followed.

No objection was made either to the decision to give the charge at that time or to the form of the charge when given. Opportunity to object was afforded counsel both times. Failure to object to jury instructions bars consideration of error on appeal, GCR 1963, 516.2, unless a clear abuse of discretion resulting in manifest injustice is apparent. *People v McClure,* 29 Mich App 361; 185 NW2d 426 (1971).

No abuse of discretion is shown. The jury had been unable, despite seven hours of deliberation, to reach a verdict. The case was not unduly complex, yet the foreman represented that a verdict would not be forthcoming unless certain testimony, representing fully three-fourths of the trial transcript, was repeated. Under these circumstances, it cannot be said that the judge committed reversible error in resorting to the *Allen* charge.

In like manner, defendant's dissatisfaction with a portion of the language employed by the judge in his *Allen* charge is misplaced. The charge must be

read as a whole. *People v Thomas,* 49 Mich App 682; 212 NW2d 728 (1973). Defendant focuses on one paragraph[2] of a rather lengthy instruction and suggests that this portion, out of context, demonstrates that the jury was coerced into rendering a verdict.

The quoted language is substantially similar to that approved in *People v Chivas,* 322 Mich 384; 34 NW2d 22 (1948). The *Chivas* Court concluded that there was no coercion in the language used. Moreover, the jury in the present case deliberated for an additional two hours after receiving the *Allen* charge, indicating that any coercive import had been effectively ignored.

We conclude that neither the timing nor the content of the *Allen* charge resulted in manifest injustice to the defendant.[3]

## II.

Defendant also urges reversal on the ground that the trial judge erroneously instructed the jury by saying, in this, an unarmed robbery prosecution:

"In other words, to recap, either guilty of robbery armed may be expressed 'guilty as charged' or 'not guilty'."

That the judge made a mistake cannot be denied. However, we do not agree that it requires reversal, because the jury could not reasonably have been misled by it.

---

[2] "And, with this view, I specifically instruct you to do your duty to decide whether the evidence is more clear as produced by one side than the other, and with this in view, it is your duty to make the conscientious decision."

[3] We are confident that the charge given here is in accordance with *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974).

Defense counsel was given ample opportunity, both before and after delivery of the final instructions, to register an objection. None was made. Therefore, our review is limited to a determination of whether there is any showing of manifest injustice or clear abuse of discretion. *McClure, supra.*

In his opening remarks to the newly-empaneled jurors, the judge twice clearly stated that the case involved "unarmed robbery". All of the proof introduced at trial disclosed that the crime had been perpetrated without weapons. In his final instructions to the jury, the judge carefully explained *only* the elements of unarmed robbery. There were no instructions given for lesser included offenses.

In his final charge the judge on four different occasions repeated that the one and only subject of the inquiry was unarmed robbery. He then, in the recapitulation quoted above, misspoke. It is sufficiently clear from the record that the jury found the defendant guilty of the crime charged. *People v Fleish,* 306 Mich 8; 9 NW2d 905 (1943); *People v Jenkins,* 23 Mich App 39; 178 NW2d 103 (1970). This unintentional slip of the tongue must be distinguished from the kind of error involved in *People v Neumann,* 35 Mich App 193; 192 NW2d 345 (1971). The record does not support a claim of manifest injustice.

Defendant further asserts that the following portion of the final charge also impermissibly suggested that the case involved armed robbery:

"The matter of putting him in fear oftentimes necessitates the use of another instrument. In this particular matter the use of another instrument is not alleged. But the prospect of another instrument may be sufficient to constitute that sort of fear that would be putting a person in fear."

Defendant misconstrues the purpose of this portion of the charge. It is a perfectly proper use of an illustration to explain one of the elements of the crime in question. And there was uncontroverted testimony by the victim that her assailant threatened to cut her finger off to get the ring which was taken from her. The judge was here merely fulfilling his obligation to fashion instructions which meet the factual demands of the particular case by language which is comprehensible by the jury and directly relevant to facts in evidence. *Cf.: Hill v Harbor Steel & Supply Corp,* 374 Mich 194; 132 NW2d 54 (1965); *Hansen v Batchelder,* 14 Mich App 627; 165 NW2d 886 (1968). The judge did not abuse his discretion. The final instructions given in this case were not erroneous.

### III.

Defendant maintains that the cross-examination of several defense witnesses improperly impugned their reputations as truth tellers. We disagree.

Defendant chooses several examples, out of context, from an extensive cross-examination. No objection was made to this alleged prosecutorial misconduct. At most gratuitous and argumentative, it did not amount to a denial of a fair trial or a miscarriage of justice, MCLA 769.26; MSA 28.1096, as a brief examination of the circumstances will reveal.

Each one of the witnesses admitted being at the scene of the crime and witnessing its commission. Their testimonial purpose was to exculpate the defendant. The prosecutor had every right to explore any possibility of bias. *Geary v People,* 22 Mich 220 (1871). And the trier of fact may properly consider the interest or lack of interest on the part of a witness in evaluating the testimony of

.

that witness. *People v Hughes,* 20 Mich App 294; 174 NW2d 81 (1969); *People v Sesson,* 45 Mich App 288, 302; 206 NW2d 495 (1973).

## IV.

Defendant's final claim is that he was subjected to improper cross-examination when he was questioned about arrests which did not lead to convictions. A portion of the cross-examination was arguably improper. The record suggests, not without some confusion,[4] that defendant was questioned about an arrest which did not result in a conviction.

Defense counsel failed to object to this cross-examination.[5] Nevertheless, we are requested to reverse by giving retroactive effect to *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973). That case apparently makes impeachment of *any* witness by use of arrests not resulting in convictions *per se* reversible error, even where there is a failure to object. We decline to make *Falkner* retroactive absent a clear showing by the Supreme Court that retroactivity is intended.[6]

Defendant testified in this case to other arrests and convictions in a manner which met the *Falkner* requirements. The isolated reference to an arrest not leading to a conviction did not result in

---

[4] *"Q.* What were you picked up for on that night when this robbery took place?

*"A.* I was picked up—they was holding me for suspicion of B & E.

*"Q.* Was it this B & E? That is in question today?

*"A.* I wouldn't know.

*"Q.* Or was it another one?

*"A.* I still wouldn't know.

*"Q.* Didn't they ask you what it was?"

[5] *Compare People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969).

[6] That clear showing is conspicuously absent in the recent case of *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

prejudice to the defendant. Given the absence of an objection, we cannot say that manifest injustice has been demonstrated. *See People v Peay,* 37 Mich App 414; 195 NW2d 75 (1971), *leave to appeal den,* 388 Mich 795 (1972); *People v Sanders* (concurring opinion), 43 Mich App 698; 204 NW2d 706 (1972).

Affirmed.

All concurred.