PEOPLE v DERRICK BRADLEY

PEOPLE v WILLIAM BRADLEY

PEOPLE v DAVIS

1. CRIMINAL LAW—JURY—POLLING JURORS—STATEMENTS BY JURORS—
   VERDICT OF GUILTY—DISAGREEMENT—EXPLANATION—PRESUMP-
   TIONS.

   A statement by a juror when polled in an armed robbery trial
   that, "I couldn't come to terms with the rest, so I decided to
   vote guilty.", does not express disagreement with the verdict of
   guilty but is the juror's unnecessary attempt to explain her
   reasoning process; every presumption is made on appeal in
   favor of the correctness of a verdict.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUEST TO CHARGE—MA-
   TERIAL SUBSTANCE—ADEQUACY—OBJECTION.

   Failure to give a requested jury instruction was not error where
   an instruction was given to the jury which covered the material
   substance embodied in the requested charge and there was no
   objection to the adequacy of the instruction as given.

3. CRIMINAL LAW—PRETRIAL IDENTIFICATION—RIGHT TO COUNSEL—
   DUE PROCESS—HEARING—EVIDENCE.

   A defendant is entitled to counsel at pretrial identification proce-
   dures; unnecessarily suggestive and conducive to irreparable
   misidentification procedures deny due process; if there was no
   counsel at the pretrial identification or if the procedures were
   unnecessarily suggestive or conducive to irreparable misidenti-
   fication, then before an *in-court* identification may be received
   in evidence, the trial court must hold an evidentiary hearing
   out of the presence of the jury at which the people must show

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 370 *et seq.*

Accused's right to poll of jury, 49 ALR2d 619.

[2] 75 Am Jur 2d, Trial § 906.

[3] 21 Am Jur 2d, Criminal Law § 220 *et seq.*

[4] 21 Am Jur 2d, Criminal Law §§ 334, 341.

[5] 29 Am Jur 2d, Evidence § 638 *et seq.*

by clear and convincing evidence that the in-court identification had a basis independent of the prior identification procedure.

4. CRIMINAL LAW—WITNESSES—PRETRIAL IDENTIFICATION—IN-COURT IDENTIFICATION—INDEPENDENT BASIS.

    The prosecution met its burden of showing that an in-court identification of defendants by a robbery victim had a basis independent of an improper pretrial identification where the witness adamantly swore that she remembered the faces of the defendants because of the traumatic events of the robbery and that the pretrial identification had in no way influenced her in-court identifications.

5. TRIAL—PROSECUTORS—CLOSING ARGUMENT—RIGHT TO REMAIN SILENT—COMMENT.

    A comment by a prosecutor in closing argument that "there has really been no evidence presented by the defense to refute anything our witnesses have said" does not impermissibly reflect on the choice of the defendants not to testify and is not improper.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 April 8, 1975, at Detroit. (Docket Nos. 19894, 19895, 19896.) Decided June 10, 1975.

Derrick Bradley, William Bradley, and Michael Davis were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman* and *Thomas M. Khalil,* Assistants Prosecuting Attorney, for the people.

*Thomas A. Neenan,* for defendants on appeal.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

M. J. KELLY, J. Defendants were all charged
with armed robbery, MCLA 750.529; MSA 28.797.
They were convicted by a jury and appeal as of
right. After consideration of the five issues on
appeal, we affirm.

Carolyn Calloway, Charles Seymour and Walter
King were together in a Detroit apartment on
November 7, 1972. Three men, identified as the
defendants by Ms. Calloway and Mr. Seymour,
came to the apartment, stayed briefly and de-
parted. Later, Michael Davis, also known as
"Bubba", returned to the apartment and was ad-
mitted by Walter King. Davis announced a "stick-
up" and ordered Mr. King to "let my buddies in
when they knock on the door".

Derrick and William Bradley, both armed, then
entered. William Bradley stood in the living room
with Mr. King. Meanwhile Derrick Bradley and
Michael Davis entered the bedroom, held Mr.
Seymour and Ms. Calloway at bay, and took the
woman's money and jewelry. Ms. Calloway and
Mr. Seymour were then taken to the living room
and were bound with Ms. Calloway's pantyhose.
Eventually, Ms. Calloway and Mr. Seymour were
shot twice each by Michael Davis. Walter King
was shot four times in the head and once in the
chest by Michael Davis. He was blinded by the
attack and could not identify defendants as his
assailants.

The first issue concerns the taking of the ver-
dict. After the verdict was announced by the jury
foreman without incident, the jurors were polled.
One juror said, when asked if she had voted guilty:

"I couldn't come to terms with the rest, so I decided I
would vote guilty."

The juror later affirmed that she had voted guilty. Defendants claim on appeal that the trial court erred in receiving the verdict and in failing to grant a mistrial.

GCR 1963, 512.2 provides:

"The jury agreeing on a verdict shall return into court and announce their verdict. A party may require a poll which shall be by the clerk asking each juror if it is his verdict. If any juror expresses disagreement on such poll and the number of those agreeing is less than required by law, the jury shall be sent out for further deliberation; otherwise the verdict is complete and the jury shall be discharged."

In the case at bar, the juror never did express disagreement with the verdict. Rather, she affirmed that she had cast votes of "guilty". Therefore, it is plain that the prefatory words "I couldn't come to terms with the rest" do not express disagreement with the result, but serve only as the juror's unnecessary attempt to explain her reasoning process. The course of conduct undertaken by the trial court is much like that in *Hughes v Detroit, G H & M R Co,* 78 Mich 399; 44 NW 396 (1889). In *Hughes,* the Supreme Court affirmed, noting that "every presumption is in favor of the correctness of the verdict". We find no error.

The second issue is alleged to be the trial court's failure to give a requested jury instruction. Defendant Davis submitted a request that the court charge the jury:

"If you believe anyone has not told the truth in a material matter in this case, you can disregard that part of the testimony or disregard it in its entirety except as it might be corroborated by such testimony as you do believe."

Instead, the trial judge charged:

"Now, inconsistencies or discrepancies in the testimony of a witness or between the testimony of witnesses may or may not cause you as Jurors to discredit such testimony. Two or more persons witnessing an incident or transaction may see it or may hear it differently. And among all of us, an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or an unimportant detail. And whether the discrepancy results from innocent error or willful falsehood. You will give the testimony of each witness such weight as to credibility as you may think it deserves."

The instruction given by the trial judge covered the material substance embodied in the request. Therefore, no error resulted. *People v Bills,* 53 Mich App 339, 353; 220 NW2d 101, (1974). Trial defense counsel apparently felt that the instruction given was adequate since the charge was not objected to on these grounds. See GCR 1963, 516.2 and *People v Tooks,* 55 Mich App 537, 540; 223 NW2d 63 (1974).

The third issue concerns identification procedures. Photographs of the three defendants had been shown to Carolyn Calloway three days after she was shot. At that time, she was in the hospital and "was a very sick woman". Defendant Davis had already been arrested. At the pretrial photographic display, Ms. Calloway identified the defendants. They made a motion to suppress the in-court identification testimony of the witness and appeal the trial court's denial of that motion.

All defendants claim that the display was unduly suggestive. Additionally, defendant Davis contends that the display was conducted in derogation of his right to the presence of counsel. The Court

in *People v Franklin Anderson,* 389 Mich 155, 168–169; 205 NW2d 461, 466 (1973), noted:

"These cases develop the following pretrial identification rules:

"1. Defendant is entitled to counsel at pretrial identification procedures *(Wade). [United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).]

"2. Unnecessarily suggestive and conducive to irreparable misidentification procedures deny due process *(Stovall). [Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967).]

"3. If there was no counsel at the pretrial identification or if the procedures were unnecessarily suggestive or conducive to irreparable misidentification, then before an *in-court* identification may be received in evidence, the trial court must hold an evidentiary hearing out of the presence of the jury at which the people must show by clear and convincing evidence that the in-court identification had a basis independent of the prior identification procedure *(Wade)."* (Emphasis in original.)

In the instant case, the trial judge held the required hearing. At the hearing, Ms. Calloway adamantly swore that she remembered the faces of the defendants because of the traumatic events of November 7, 1972. She swore that the photographic display had in no way influenced her in-court identifications. The trial court found that the people had sustained their burden of demonstrating the independent basis of the in-court identification. Upon a review of the record, we fully agree with the correctness of the trial court's finding.

Defendants' fourth issue concerns the prosecutor's closing argument remarks:

"Now, the people feel that the evidence is abundant. And there has really been no evidence presented by the defense to refute anything our witnesses have said."

Defendants claim that this comment impermissi- . bly reflects on the exercise by defendants of the choice not to testify. Therefore, claim defendants, the court erred in failing to grant a mistrial. The prosecutor's comments were not improper. *People v Leroy Morgan,* 24 Mich App 660, 663–665; 180 NW2d 842 (1970), *People v Alexander,* 17 Mich App 497; 169 NW2d 652 (1969), *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973). For that reason, the trial court was correct in failing to grant a mistrial. In addition, the trial judge is to be commended for giving a prompt, full and fair cautionary instruction to the jury.

Fifth and finally defendant William Bradley claims that there was insufficient evidence of his guilt. After a review of the record, we are convinced that "the evidence was ample to warrant a jury verdict of guilty beyond a reasonable doubt of the crime charged". *People v Palmer,* 392 Mich 370, 376; 220 NW2d 393 (1974).

Affirmed.