PEOPLE v HARMAN

Docket No. 78-475. Submitted May 8, 1980, at Detroit.—Decided July
  2, 1980. Leave to appeal applied for.

  Defendant, Charles D. Harman, was convicted of larceny from the
    person in the Wayne Circuit Court, Victor J. Baum, J. Defen-
    dant appeals, alleging that the court's instruction to a dead-
    locked jury was coercive and constituted reversible error. *Held:*

    The court instructed the jury that a jury which is unable to
    reach a verdict "fails to accomplish its purpose" and that each
    time there is such a jury "ammunition is given to those who
    oppose the jury system as we know it". The court's admonition
    at the conclusion of these instructions that it was not suggest-
    ing that any juror give up his conscientious opinion or belief
    adequately lessened the effect of the instructions. Furthermore,
    the facts indicate the jury was not coerced because the jury
    deliberated approximately three hours after the instructions.
    Affirmed.

1. CRIMINAL LAW — INSTRUCTIONS TO JURY — COERCION.
    A claim that a jury instruction was coercive must be determined
    on a case-by-case basis.

2. CRIMINAL LAW — INSTRUCTIONS TO JURY — COERCION.
    The fact that the jury, which had twice indicated it was close to a
    verdict prior to being instructed concerning a deadlock, deliber-
    ated approximately three hours after being given the instruc-
    tion indicates the instruction had no coercive effect.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Rita Chastang,* As-
sistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial §§ 1054-1056.

*Domnick J. Sorise,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

PER CURIAM. The defendant was charged with and convicted by jury of larceny from a person in violation of MCL 750.357; MSA 28.589. Following sentence, defendant appeals as a matter of right.

The defendant contends that the trial court's instruction to the deadlocked jury was coercive and constituted reversible error. The court made the following statements in its instruction:

"[I]n order to return a verdict, each juror must agree to it. Each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with his or her fellow jurors.

"No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict.

"Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without sacrifice of individual judgment.

"In the course of deliberations, a juror should not hesitate to reexamine his or her own views and change his or her own opinion if convinced that this opinion is erroneous.

"May I remind you that when a jury is unable to reach a verdict, the jury fails to accomplish its purpose. A jury unable to agree is, therefore, a jury which has failed in its purpose. Each time we have such an indecisive jury, ammunition is given to those who oppose the jury system as we know it, a system which requires a unanimous vote for either a conviction or an acquittal. Please bear this in mind.

* Circuit judge, sitting on the Court of Appeals by assignment.

"I say this without in any way suggesting that any of you should give up his or her conscientious opinion or belief."

The *Allen* charge (so named from *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 [1896]) was designed to encourage a jury to reach a verdict by telling the minority that they should consider the correctness of their stance. It was given after the jury had deliberated a significant time without reaching a verdict.

In *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974), the Court stated that a claim of coercion must be determined on a case-by-case basis.

In the case at bar, the most controversial statement made by the trial judge is his addition to the instruction recommended by A.B.A. Standard 5.4 that a jury which is unable to reach a verdict "fails to accomplish its purpose" and that each time there is such a jury "ammunition is given to those who oppose the jury system as we know it". The qualification made by the judge at the end of these statements adequately lessened their effect.

The facts indicate that the jury was not coerced by these statements. Prior to receiving the instruction the jury twice indicated that it was close to a verdict. This Court stated in *People v Tooks,* 55 Mich App 537; 223 NW2d 63 (1974), that where a jury deliberated for two hours after receiving the instruction, any coercive import of the instruction had been ignored. In the case at bar, the jury deliberated for approximately three hours indicating that the instruction had no coercive effect.

Our review of the instruction and the facts of this case reveals that the trial court did not commit reversible error.

Affirmed.