PEOPLE v GOLDSMITH

Docket No. 64326. Decided August 24, 1981. On application by the parties for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the decision of the Court of Appeals.

Almer K. Goldsmith was convicted by a jury in Wayne Circuit Court, Victor J. Baum, J., of assault with intent to commit murder and possession of a firearm during the commission of a felony. Before the jury retired, the trial court encouraged the jury to reach a unanimous verdict, and added that they should bear in mind that a jury which is unable to reach a unanimous verdict fails to accomplish its purpose and gives ammunition to persons who oppose the jury system. The Court of Appeals, N. J. Kaufman and D. C. Riley, JJ. (Danhof, C.J., dissenting), reversed the defendant's convictions on the grounds that the instruction should not have been given unless the jury had been deadlocked in its deliberation and that the instruction given substantially departed from the American Bar Association instruction approved by the Supreme Court (Docket No. 78-3014). The parties apply for leave to appeal.

In a unanimous per curiam opinion, the Supreme Court *held:*

The instruction complained of was a substantial deviation from the approved instruction and therefore reversal of the convictions was proper. However, the use of a proper instruction is not limited to deadlock situations.

1. The preface to the approved instruction provides that it may be given before the jury retires for deliberation. The purposes served by so giving it are two: the jury is instructed that their verdict must be unanimous, and the jurors are provided with some guidance concerning their duties during deliberations.

2. The effect of delivering the charge prior to deliberations differs from its effect when it is given in a deadlock situation. When given with the original instructions, its coercive effect is greatly diminished because it is one of many charges and, since the jury has not yet had any difficulty in reaching a verdict, there is no minority faction among the jurors who might feel

prodded by the charge to reach a verdict by surrendering their honest convictions.

3. Part of the instruction given in this case is essentially a call for the jury, as part of its civic duty, to reach a unanimous verdict, and it contains the message that a failure to reach a verdict constitutes a failure of purpose. Nothing in the standard instruction sanctions such a charge. It was a substantial departure from the approved charge and giving it was reversible error.

94 Mich App 155; 288 NW2d 372 (1979) affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett)* for defendant.

PER CURIAM. The issue presented in the instant case is whether reversible error was committed by delivery of a jury charge which deviated from the ABA instruction adopted by this Court in *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974).[1] We

[1] In *Sullivan,* this Court disapproved future use of the *Allen* charge, which was an instruction commonly delivered to deadlocked juries. The popular name for this instruction derived from the United States Supreme Court's approval of the charge in *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896).

In place of the *Allen* charge, the *Sullivan* Court adopted the ABA Standard Jury Instruction 5.4 which provides as follows:

"Length of deliberations; deadlocked jury.

"(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

"(i) that in order to return a verdict, each juror must agree thereto;

"(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

"(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

"(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

"(v) that no juror should surrender his honest conviction as to the

hold that the giving of this instruction was a substantial deviation from that approved in *Sullivan* and therefore the reversal of the defendant's convictions by the Court of Appeals was proper. However, we issue this opinion to make it clear that a proper *Sullivan* instruction may be given as part of the main charge to the jury.

Following the closing of proofs, near the conclusion of his main charge to the jury, the trial judge instructed the jury in part as follows:

"Any verdict which you reach will have to be unanimous. That means all 12 jurors will have to agree to a verdict of either guilty or not guilty.

"You should enter into your deliberations with an open mind, with a willingness to give serious consideration to the opinions of each other.

"Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement unanimously, if it can be done without sacrifice of individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with his fellow jurors.

"No juror should surrender his honest conviction or belief as to what the weight or effect of the evidence is solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict. However, in the course of deliberations a juror should not hesitate to reexamine his own views and to change his opinion if convinced it is erroneous.

---

weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

"(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

"(c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement." American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury (Approved Draft, 1968), § 5.4.

"Let me remind you that when a jury is unable to reach a verdict, the jury has not accomplished its purpose. A jury unable to agree, therefore, is a jury which has failed in its purpose. Each time such an indecisive jury fails, ammunition is given to those who oppose the jury system as we know it, a system that requires a unanimous vote of all 12 jurors for either conviction or acquittal. As you deliberate, please bear this in mind."

No objection was posed to this portion of the charge at trial. Following approximately four hours of deliberation, the jury returned a verdict finding defendant guilty of the two offenses charged in the information, assault with intent to murder and possession of a firearm in the commission of a felony. MCL 750.83; MSA 28.278; MCL 750.227b; MSA 28.424(2).

On appeal, the defendant argued that the trial judge's instructions were erroneous since they operated to coerce the jury to return a verdict. In a two-to-one decision, the Court of Appeals reversed defendant's convictions. 94 Mich App 155; 288 NW2d 372 (1979).

The panel's majority found the instructions given in the instant case to be erroneous, interpreting a prior decision of this Court, *People v Sullivan, supra.* The majority premised its conclusion upon two grounds. First, insofar as the judge's instruction in this case paralleled the charge approved in *Sullivan,* the instruction was given at an inappropriate time. The panel in this case concluded that the *Sullivan* instruction may not be given during the original jury charge but, rather, may be delivered only where the jury has indicated it is deadlocked. Second, the majority held that the instruction given in this case substan-

tially departed from the charge approved in *Sullivan.*

In *Sullivan,* this Court disapproved further use of the *Allen* charge, *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896), and adopted the American Bar Association Standard Jury Instruction 5.4 as the charge to be given in situations where a jury may be deadlocked.[2] Although the facts of *Sullivan* involved an *Allen*-like charge delivered to a deadlocked jury, we did not intend to limit the use of the approved ABA charge to deadlock situations. The preface to the instruction provides, "Before the jury retires for deliberation, the court may give an instruction which informs the jury". Therefore, a trial judge may deliver the ABA charge to the jury prior to commencement of the jury's deliberations.

The purposes served by delivering the ABA charge prior to deliberations are twofold. First, the jury is instructed that their verdict must be unanimous. Second, the jurors are provided with some guidance concerning their duties during deliberations. While they are obligated to deliberate with the goal in mind of reaching an agreement, the instruction also emphasizes that no juror need surrender his honest convictions concerning the evidence solely for the purpose of obtaining a unanimous agreement.

Further, the effect of delivering the ABA charge prior to deliberations differs from its effect when given in a deadlock situation. When given during the original instructions, the ABA charge's coercive impact upon the jury is greatly diminished.[3]

---

[2] See fn 1, *supra.*

[3] ABA Standard Jury Instruction 5.4 does not have the coercive impact of the *Allen* charge, especially when delivered during the main charge to the jury. See *United States v Skillman,* 442 F2d 542, 559 (CA 8, 1971); ABA Standards Relating to Trial by Jury (Approved Draft, 1968), § 5.4(a), commentary, p 147.

At this juncture, the instruction is one of many charges delivered to the jury. It tends to give guidance as to each juror's duty and responsibility during deliberations. At this point, the jury has not yet indicated any difficulty in reaching a verdict. There exists no "minority" faction among the jurors who might feel prodded by the charge to reach a verdict by surrendering their honest convictions. These considerations lead us to conclude that delivery of the ABA instruction during the main charge to the jury is proper.

The final issues to be resolved are whether the instruction delivered in the present case substantially departed from the ABA instruction approved in *Sullivan,* and if so, whether reversal is warranted. The first portion of the trial judge's instruction parallels the charge approved in *Sullivan.* However, the judge added the following:

"Let me remind you that when a jury is unable to reach a verdict, the jury has not accomplished its purpose. A jury unable to agree, therefore, is a jury which has failed in its purpose. Each time such an indecisive jury fails, ammunition is given to those who oppose the jury system as we know it, a system that requires a unanimous vote of all 12 jurors for either conviction or acquittal. As you deliberate, please bear this in mind."

In *Sullivan,* this Court indicated that substantial

In many cases involving review of an *Allen* or *Allen*-like instruction, the reviewing court concluded that where the charge was delivered during the original instructions to the jury, its coercive impact was greatly diminished or eliminated. See, *e.g., United States v Fioravanti,* 412 F2d 407, 419 (CA 3, 1969); *United States v Guglielmini,* 598 F2d 1149, 1151, 1153, fn 4 (CA 9, 1979); *United States v Wynn,* 415 F2d 135, 137 (CA 10, 1969); *United States v Simpson,* 144 US App DC 259, 260; 445 F2d 735 (1970); *Alcala v State,* 487 P2d 448, 460-461 (Wyo, 1971); *People v Uribe,* 13 Ill App 3d 1027, 1029-1030; 301 NE2d 492 (1973).

departures from the ABA standard instruction would be reversible error.

We conclude that the instruction given in the instant case was a substantial departure.[4] Part of the instruction given in this case is essentially a call for the jury, as part of its civic duty, to reach a unanimous verdict and contains the message that a failure to reach a verdict constitutes a failure of purpose. Nothing in the standard instruction sanctions such a charge and we conclude that the giving of such an instruction was reversible error.

For the foregoing reasons, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals.

Defendant's application for leave to appeal as cross-appellant has been considered and it is denied because the Court is not persuaded that the questions presented should be reviewed by this Court.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[4] See also Standard 15-4.4, American Bar Association Standards for Criminal Justice (2d ed), which, except for stylistic changes, is identical to the instruction approved in *Sullivan*.