PEOPLE v JANICE DAVIS

PEOPLE v CALLOWAY

Docket Nos. 58892, 59721. Submitted October 7, 1982, at Lansing.—
Decided March 22, 1984.

Janice Davis and Shirley M. Calloway were convicted by a jury of
armed robbery, Genesee Circuit Court, Donald R. Freeman, J.
The court instructed the jurors encouraging them to reach a
unanimous verdict without instructing them that a juror
should not hesitate to reexamine his own views and change his
opinion if convinced it is erroneous but that no juror should
surrender his honest conviction as to the weight or effect of the
evidence solely because of the opinions of his fellow jurors or
for the mere purpose or returning a verdict. Both defendants
appealed. The appeals were consolidated. *Held:*

1. Michigan has approved the use of the American Bar
Association Standard Jury Instruction 5.4 where a jury is
unable to agree on a verdict, and any instruction given which
is a substantial departure from the standard instruction is
error requiring reversal. Failure to give the above instruction
was a substantial deviation requiring reversal.

2. Both convictions should be reversed even though only
Janice Davis raised the issue on appeal.

Reversed and remanded.

CRIMINAL LAW — JURY INSTRUCTIONS — DEADLOCKED JURY.

Michigan has approved the use of the American Bar Association
Standard Jury Instruction 5.4 where a jury is unable to agree
on a verdict, and any instruction given which is a substantial
departure from the standard instruction is error requiring
reversal; any language aimed at encouraging the jury to reach
a decision constitutes a "substantial departure" from the stan-
dard instruction unless the language used is sanctioned by the
standard instruction.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 303.
76 Am Jur 2d, Trial § 1054 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*William L. Grossmann,* for defendant Davis.

*Roger A. Lange,* for defendant Calloway.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On April 24, 1981, both defendants were convicted, after a jury trial, of armed robbery, MCL 750.529; MSA 28.797. Defendant Davis was subsequently sentenced to 20 to 30 years imprisonment. Defendant Calloway was subsequently sentenced to 15 to 25 years imprisonment. Both appeal as of right. Their cases have been consolidated on this appeal.

The trial court gave the following jury instruction:

"Your verdict must be unanimous, and that's important. There is no room for compromise in criminal cases. I rather suspect that a lot of people think it is appropriate. Obviously, there is compromise here. It's got to be one way or the other. But what we're talking about is each one of you individually making a judgment as to the accusation against each defendant, and only when all twelve jurors have arrived at the very same verdict do you then have a unanimous verdict, and I'm going to spend a little bit of time talking to you about something else that ordinarily I don't discuss in any great length, the choosing of a foreman.

"Sometimes I don't think jurors give enough consideration as to who the foreman or forelady is going to be, and I'm very direct in saying to you that we've had cases in the past where the jurors are not able to arrive

* Circuit judge, sitting on the Court of Appeals by assignment.

at a verdict. Now, maybe that's all for the best, I'm not quarreling, but I do feel that one of the factors that allows a juror to arrive at a verdict—and, remember, everybody wants a verdict here, nobody wants a no verdict—we want a verdict, whether it's prosecution or defendant; they want you to return a verdict in this case."

The jury returned its verdict for this four-day trial after deliberating about one and one-half hours.

In *People v Sullivan,* 392 Mich 324; 220 NW2d 441 (1974), the Supreme Court disavowed the deadlocked jury instruction approved in *Allen v United States,* 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896), and adopted the following ABA proposed instruction.

"(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

"(i) that in order to return a verdict, each juror must agree thereto;

"(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

"(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

"(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinions if convinced it is erroneous; and

"(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose or returning a verdict."

This instruction applies to the original jury instructions as well as to the instructions after a jury has deadlocked. *People v Goldsmith,* 411 Mich 555; 309 NW2d 182 (1981). It emphasizes that no

juror need surrender his own honest convictions solely to obtain a unanimous verdict. *Id.* The issue on appeal is whether or not the trial court has substantially departed from the ABA instruction. *People v Nathaniel Johnson,* 113 Mich App 414, 420; 317 NW2d 645 (1982); *People v Allen,* 102 Mich App 655; 302 NW2d 268 (1981), *lv den* 411 Mich 870 (1981). A defendant's failure to object does not preclude appellate review. *People v Johnson,* 112 Mich App 41; 314 NW2d 794 (1981).

In the present case, the trial court's instructions told the jury to arrive at a unanimous verdict without also telling it that no juror is to give up his or her honestly held belief merely to arrive at a unanimous verdict. As it turns out, the trial court gave the ABA instruction part (i) and parts of (ii) and (iii) but completely ignored parts (iv) and (v).

The prosecution relies on *People v Bookout,* 111 Mich App 399; 314 NW2d 637 (1981). However, in *Bookout,* the trial court specifically instructed the jury that it must arrive at a unanimous verdict "without surrendering your conscious belief". 111 Mich App 402. Such an instruction was not given in the present case. In fact, even though that instruction was given in *People v Harman,* 98 Mich App 541; 296 NW2d 303 (1980), the Supreme Court reversed, 411 Mich 1083; 312 NW2d 83 (1981).

In *People v Atkinson,* 120 Mich App 723, 729; 328 NW2d 102 (1982), this Court ruled that "any language employed by the trial court aimed at encouraging the jury to reach a decision constitutes a 'substantial departure' from the ABA charge unless the ABA standard instructions 'sanctions such a charge' ". In the present case, in effect, the trial court's only instruction on this

point was that the jury arrive at a unanimous verdict. This is clearly a substantial departure from the ABA standard.

Only defendant Davis has raised this issue on appeal. However, both defendants were tried in a joint trial. The trial court's instructions applied to both of them. Moreover, this Court consolidated these appeals for purposes of decision. Under these circumstances, we believe that Calloway's conviction must be reversed on the same basis as Davis's conviction.

Reversed and remanded for a new trial.